UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SAN JUANITA SOLIZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-11-43 |
| | § | |
| ONE HOUR PHOTO, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day came on to be considered <u>sua</u> <u>sponte</u> the Court's subject matter jurisdiction in the above-styled action. For the reasons stated herein, the Court finds that it lacks subject matter jurisdiction and REMANDS this action pursuant to 28 U.S.C. 1447(c) to County Court at Law No. 3 of Nueces County, Texas, where it was originally styled Cause No. 2011CCV60098-3.

**I.     Background**

On January 21, 2011, Plaintiff San Juanita Soliz, a citizen of Texas, filed her Original Petition in the County Court at Law No. 3 of Nueces County, Texas against Defendants Sam's Club Members Only d/b/a Sam's Club Members Only, One Hour Photo, Sam's Wholesale Club and Sam's WHSW Club, Sam's Club, Sam's East, Inc. d/b/a Sam's East, Inc. #8267 and Erica Escochea. Plaintiff sought personal injury damages allegedly resulting from an incident that occurred around March 29, 2009 at Sam's Club store #8267 in Corpus Christi, Texas. Plaintiff has not specified her damages in the complaint.

On February 18, 2011, Defendants timely filed a Notice of Removal, attempting to remove the action to this Court based on diversity jurisdiction. Plaintiff is a citizen of Texas. All Defendants are diverse from Plaintiff except for Defendant Erica Escochea, who is also a citizen of Texas. (D.E. 1 at 3.) Defendants contend that the amount in controversy, though not

alleged in the complaint, exceeds $75,000 and that Defendant Erica Escochea has been fraudulently joined to the action to defeat diversity.

## II. Discussion

### A. General Removal Principles

A defendant may remove an action from state court to federal court if the federal court possesses subject matter jurisdiction over the action. 28 U.S.C. § 1441(a); see Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). The removing party, as the party seeking the federal forum, bears the burden of showing that federal jurisdiction is proper. See Manguno, 276 F.3d at 723. "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id.

When the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is: (1) complete diversity of citizenship; and (2) an amount-in-controversy greater than $75,000. See 28 U.S.C. § 1332(a).

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c).

### B. Amount in Controversy

28 U.S.C. § 1332(a) expressly limits a district court's diversity jurisdiction to "civil actions where the matter in controversy exceeds the sum or value of $75,000...." "In removal practice, when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. The district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to

ascertain the amount in controversy." St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998) (internal citations removed.)

In this case, Plaintiff does not indicate the amount of damages she seeks, but states that she seeks damages "within the jurisdictional limits of this court." Plaintiff states she seeks damages for reasonable medical care and expenses in past and future, physical pain and suffering in past and future, physical impairment in past and future, loss of earning capacity in future, mental anguish in past and future, fear of future disease or condition, and cost of medical monitoring and prevention in future. (D.E. 1, Ex. B.)

Defendants contend that it is facially apparent Plaintiff's damages will exceed $75,000. However, such is not the case. Plaintiff does not seek punitive damages. Moreover, Defendants state to this Court that Plaintiff has forwarded to Defendants a spreadsheet she has prepared, outlining her damages. (D.E. 1 at 7.) The spreadsheet includes various treatment providers and bills associated with each. The total on the spreadsheet is only $23,783.00. (Id.)

Defendants note that these expenses "do not appear to [include] any records subsequent to Plaintiff's surgery on July 6, 2009" and argue that Plaintiff "may have additional treatment providers that are unknown at this time, but whose expenses will add to Plaintiff's current total." (D.E. 1 at 7.) Defendants also point out that this amount does not include, *inter alia*, pain and suffering, mental anguish, physical impairment or lost wages. (Id.)

However, Plaintiff herself has provided an estimate of her damages and these do not exceed $75,000. Defendants cannot rely on "creative" damages calculations to reach the amount in controversy requirement for removal. Danial v. Daniels, 162 Fed. Appx. 288, 290 (5th Cir. 2006); see also Sheehan v. Weber, No.91 C 3608, 1991 U.S. Dist. LEXIS 11430, *7 (N.D. Ill. Aug. 14, 1991) (holding that "conclusory allegations regarding unspecified future expenses and

pain and suffering are insufficient" for purposes of establishing subject matter jurisdiction); Cobble v. Value City Furniture, 2006 U.S. Dist. LEXIS 41696, *6-7 (W.D. Ky. June 19, 2006) (citing Breault v. Feigenholtz, 380 F.2d 90, 92 (7th Cir. 1967) ("Mere averment of the amount claimed to be in controversy is not enough to confer jurisdiction."))

Accordingly, Defendants have failed to meet their burden to show that it is "facially apparent" that the claims exceed the jurisdictional amount and have failed to present evidence refuting the damages proposed in Plaintiff's spreadsheet. St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998) (internal citations removed.)  The Court lacks subject matter jurisdiction over this case.[1]

### III. Conclusion

For the reasons stated above, this Court determines that it does not have jurisdiction over the above-styled action and, therefore, sua sponte REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the County Court at Law No. 3 of Nueces County, Texas, where it was originally styled Cause No. 2011CCV60098-3.

SIGNED and ORDERED this 1st day of March, 2011.

_____
Janis Graham Jack
United States District Judge

---

[1] As the Court finds it lacks subject matter jurisdiction on the ground of amount in controversy, the Court need not determine whether Defendant Escochea, a store manager from Texas, was fraudulently joined to defeat diversity.